IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARK DONALDSON SMITH** | ) | |
| | ) | |
| v. | ) | 3-06-CV-1931-D |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Ramsey I Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Rosharon, Texas, serving a conviction for the offense of aggravated assault.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of aggravated assault as charged in the indictment returned in Cause No. F-02-47439-QI Smith was tried by a jury which returned a verdict of guilty. Thereafter the trial court sentenced him to a term of 20 years imprisonment. Smith appealed his conviction and on March 3, 2004, the Court of Appeals, Fifth District of Texas, affirmed his conviction in an unpublished opinion. The Texas Court of Criminal

Appeals refused his petition for discretionary review on September 14, 2005. Smith then filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, which the Court of Criminal Appeals denied without written order on the findings of the trial court without a hearing on February 15, 2006. Smith in turn filed the present petition. In response to the petition and this court's show cause order Respondent filed his answer asserting that the claims presented are unexhausted, procedurally barred, and in the alternative, without merit together with copies of the prior state proceedings.[1] On March 26, 2007, Smith filed his reply to the Director's answer.

**Findings and Conclusions**: In his sole ground for relief Smith claims that he was denied effective assistance of counsel by his trial attorney, listing numerous alleged shortcomings in the representation which was provided.

Ineffective assistance of counsel claims are governed by the standard set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To be entitled to relief a petitioner must establish "cause", i.e. that errors committed by the attorney were "so serious that his counsel was not functioning as the 'counsel' the Sixth Amendment guarantees the defendant" and "prejudice," to wit: "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 697, 104 S.Ct. at 2069. In considering an ineffective assistance of counsel claim a court must indulge a strong presumption that an attorney's representation meets Sixth Amendment standards. The court must further refrain from assessing an attorney's conduct in light of the distorting effects

---

[1] Although a federal court may not grant relief on a claim which has not been presented in the state court system, a federal court may deny relief even though a petitioner has not fully exhausted his claims. See 28 U.S.C. § 2254(b)(1) and (2). For the following reasons it is appropriate to deny relief on the merits.

of hindsight.  Id. at 689, 104 S.Ct. at 2065.

In addition a federal court's authority to overturn the State courts' denial of a state prisoner's constitutional claims is further circumscribed by the limitations imposed by 28 U.S.C. § 2254(d)(1) and (d)(2).  See e.g. Yarborough v. Gentry, 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003).

In his first category of claims Smith alleges that his attorney was deficient in his pretrial investigation and in his communications with Smith.  See Petitioner's Memorandum of Law at 11, 13-15.  In response to the same claims raised in his art. 11.07 application the state trial court obtained an affidavit from his trial attorney.  See App. No. WR-63,850-01 at Bates Number 00472-475.  In his affidavit Bill Nellis stated that he spent a great deal of time with Petitioner discussing the issues and that Smith was adamant in proceeding on the theory that he did not intentionally and knowingly threaten the undercover police officer.  The trial court found Smith failed to sustain his burden that counsel was unfamiliar with the law and the facts and that the attorney did investigate the facts of the case and that no showing was made that any further investigation would have affected the outcome of the trial.  Id. at 00469.  Implicit in the court's findings is a rejection of Petitioner's factual claims and acceptance of the attorney's contradicting statements.  In turn the Court of Criminal Appeals adopted the trial court's findings in denying the application.  These findings of fact are presumed correct.  See § 2254(e)(1).  Under these facts as found by the state courts relief predicated on the pretrial conduct of counsel is foreclosed.[2]

In his second category of claims Smith complains of the manner in which his attorney

---

[2] To the extent that the state courts' finding that "no showing that any further investigation would have affected the outcome of the trial" constitutes a mixed issue of fact and law, the magistrate judge observes that aside from Smith's speculation he has not produced any exculpatory or mitigating evidence which a further investigation would have disclosed.

3

questioned the prosecution witnesses and Smith himself. See Petitioner's Memorandum of Law at 16-20. It is axiomatic that the plea to be entered to a criminal charge is ultimately a decision reserved to the defendant himself. It is equally well settled that the decision of whether or not to testify at trial is a personal right which only a defendant can make.

It is also perhaps well to remember when assessing an attorney's performance that "The best of lawyers have to take the facts as they are and can only do their best to present those facts in any available favorable light." United States v. White, 524 F.2d 1249, 1253 (5th Cir. 1975).

As related in Mr. Nellis's affidavit, supra, Smith was presented with numerous options for pleading guilty, all of which he rejected in favor of proceeding to trial on a plea of not guilty. Consistent with Petitioner's wishes the attorney did all that could have been done in the nearly impossible task of winning a not guilty verdict. Prior to the beginning of the trial, counsel sought to exclude any testimony regarding the events which preceded the charged assault, but without success. See S.O.F. Vol. 2 at 9-11.[3]

The evidence presented by the prosecution was quite compelling and absent any evidence to the contrary clearly was more than sufficient to establish Petitioner's guilt. Briefly stated plainclothes officer Judy Fries was on surveillance with other Dallas police officers in a parking lot where several restaurants were located due to reports of a rash of vehicle burglaries. She and the other officers were aware of reports that the Jeep which Smith was driving on January 24, 2002, was involved in burglaries that had occurred in the vicinity. The police also had information indicating

---

[3]Petitioner's argument that counsel never voiced any objection to "extraneous offenses" is clearly refuted by the record and cannot be a basis for ineffective assistance, but rather as an attack on an evidentiary ruling of the trial court. His prior burglary conviction, which was admitted, is addressed below.

that Smith was a person who had driven the Jeep.  Further, prior to observing Petitioner in and about the Buick automobile, Fries observed him attempting to burglarize a truck cab, which ended when the driver confronted him and scared him away.  She then watched as Smith got into the Buick and exited with a black bag, returned to the Jeep and then re-entered the Buick.  Having observed Petitioner committing a felony offense in her presence, Fries decided to arrest him and called for back-up assistance from other officers on the surveillance team.  Because it was misting and she wished to avoid a car chase Fries opened the door to the Jeep and removed the keys from the ignition.  As Fries turned away she testified that Smith jumped on her while displaying a knife in his hand raised above her head.  She feared for her safety and took defensive measures to protect herself.  Immediately thereafter Officer Ronald Hubner, a uniformed officer, in responding to Fries's call for assistance arrived and subdued Smith.  Hubner testified that he observed the struggle between Fries and Petitioner and that Smith appeared to be drawing back his hand with the intent to stab Fries.  He identified a screwdriver and a knife as the weapons in Smith's hand.

   Testifying in his own behalf Smith admitted the attempted truck burglary and the burglary of the Buick.  However, he denied that there was any physical confrontation between himself and Fries.  He admitted to possessing a knife which he had taken from the Buick.  However, he further testified that he unsuccessfully attempted to close the blade on the knife as a result of which he concealed it in the palm of his hand.  Although he called out to Fries when he saw her removing the keys from the Jeep, consistent with all of his previous statements to his attorney, he claimed not to have threatened her in any way before being tackled and subdued by Officer Hubner.

   In his memorandum Smith identifies various instances in the course of his counsel's questioning of witnesses which he claims demonstrate ineffective assistance of counsel. The

5

magistrate judge has examined each referenced passage in the Statement of Facts and none establishes that his attorney was not functioning as the counsel guaranteed by the Sixth Amendment, particularly in light of the strong presumption of competent representation.

One instance merits further comment. Smith had a prior felony conviction which under Texas state law arguably was too remote to be admissible to impeach him when called as a witness. The question of admissibility was raised in the pretrial proceeding. See S.O.F. Vol. 2 at 8-9. The trial court deferred any ruling at that time. In the course of Nellis's examination of Smith, Smith volunteered an additional response to a question asked. Specifically Smith claimed that he didn't live the type of life style which involved theft and attempted burglary. See S.O.F. Vol. 3 at 91, lines 16-24. As a result of this claim that his life style was inconsistent with criminal activity, the prosecution submitted that the door had been opened to permit admission of the 1990 burglary conviction with which the trial court agreed. Id. at 109-110.[4]

Finally Smith complains of counsel's failure to obtain an instruction on the defense of property. The record reflects that counsel requested that such an instruction be given, which the trial court refused. See S.O.F. Vol. 3 at 134-139.

The record reflects that counsel did all that was required to preserve his claim that the court erred in refusing to give a "defense of property" instruction and his claim that the court erred in admitting Smith's prior conviction for impeachment purposes for appellate review which is all that

---

[4] As the court's jury charge reflects, a limiting instruction was given with reference to Smith's prior conviction. See Appeal No. 05-03-00606-CR, Record, Vol. One, Jury Charge at 27.

could be required under the Sixth Amendment.[5]

Smith has failed to demonstrate that he was denied effective assistance of counsel by his trial attorney. More importantly and dispositive of his claims, he failed to show that the Court of Criminal Appeals' decision satisfied the requirements of § 2254(d)(1) or (2).

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 5th day of April, 2007.

                                      WM. F. SANDERSON, JR.
                                      UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[5] Both of these issues were presented in Smith's direct appeal, but were found to be without merit by the Fifth Court of Appeals. See Appeal No. 05-03-00606-CR, opinion issued on March 3, 2004.